UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTON SLAUGHTER, SR.,

        Plaintiff,

v.

        Case No. 24-cv-75-pp

FIRST AMERICAN BANK,

        Defendant.

---

**ORDER SCREENING COMPLAINT (DKT. NO. 1), DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND AND DENYING AS MOOT MOTION FOR SERVICE BY THE U.S. MARSHALS SERVICE (DKT. NO. 13)**

---

On January 19, 2024, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that defendant First American Bank "knowing[ly] and intentionally conspired to deprive [the plaintiff] of [his] preexisting rights protected by [certain federal statutes]." Dkt. No. 1. The court found that the plaintiff's motion for leave to proceed without prepaying the filing fee did not contain enough information to allow it to determine whether the plaintiff could afford to pay the fee, so the court ordered him to file an amended motion. Dkt. No. 10 at 3. The amended motion did not comply with the court's order, so the court denied it and ordered that by the end of the day on October 4, 2024, the plaintiff must pay the full filing fee. Dkt. No. 12 at 3.

The court received the filing fee on October 3, 2024. On October 9, 2024, the clerk's office mailed to the plaintiff a service packet. On November 14, 2024, the court received from the plaintiff filed a motion requesting asking that the U.S. Marshals Service serve the complaint and providing addresses for service (as well as providing the plaintiff's most recent address). Dkt. No. 13.

This order screens the complaint and dismisses it for failure to state a claim upon which a federal court can grant relief. The court also will deny as moot the plaintiff's motion for service of the complaint by the Marshals Service. The court will give the plaintiff the opportunity to file an amended complaint.

## I. Screening the Complaint

### A. Legal Standard

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); see also Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022) (stating that courts are free to screen a complaint for a *pro se* plaintiff who has paid the full filing fee under 28 U.S.C. §1915(e)(2)). The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented

litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though the court liberally construes documents filed by self-represented litigants, those litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Complaint

The plaintiff alleges that he applied to the defendant for an auto loan, but that on October 26, 2023, the defendant "pulled" his credit for a mortgage. Dkt. No. 1 at 3. The plaintiff states that he was approved for the auto loan. Id. When the plaintiff received the bill, he alleges that he "accepted it for value" and then sent something he calls a "Notice to Claim Interest," which he says instructed the CFO (presumably chief financial officer) "to use the Tender of payment for setoff and to communicate through writing within 5 business days after the receipt of the notice of any discrepancies and if there is no communication is made then [the plaintiff] can assume the aforesaid instructions have been

3

completed." Id. This "Notice" stated that "I SLAUGHTER, ANTON-D/Agent here on behalf of ANTON SLAUGHTER/Principal I hereby accept All Titles, All Rights, All Interest, and Guaranteed Equity owed to the Principal." Id. The plaintiff alleges that he has received no communication from the CFO; he says that on December 21, 2023, he followed up with a "2nd Notice/Tender" and, on January 3, 2024, a "Final Notice" but received no response from the CFO. Id.

The plaintiff alleges that "there was an document stating that ALL Insurances were supposed to be included in the Finance charge of the Transaction." Id. He recounts that the promissory note stated that "payment instruments that are tendered must be mail to First American Bank P.O. Box 307 Hampshire, IL 60140 and that the Lender 'MAY' accept it without losing rights." Id. He alleges that the fiduciary on the account is not doing his or her "duty to the beneficiary and applying the Principal's balance to the principal's account for setoff." Id. The plaintiff asserts that he is not receiving any valuable or equal consideration; he says that he received "a call from an email 12/27/2023 for a Dave Leeney on behalf of the Defendant say he received my Notice to claim interest." Id. The plaintiff explains that he emailed Dave Leeney and asked if the trustee of the account could "do their duty, the bill was accepted for value (Valuable consideration) and was to be paid to the bearer." Id. The plaintiff alleges that Dave Leeney "of First American Bank" responded that there was no trustee on the account and that "they don't do business with Federal Reserve banks." Id. The plaintiff says that he asked for a response from the CFO "and if they can show proof of a deficit with still no response on the

4

matter from the CFO." Id. He says that "there were no documents or Tender of payments returned," so he assumes that "they have been accepted and deposited." Id. The plaintiff alleges that on January 17, 2024, he received from the defendant a notice of right to cure default and a notice of repossession "with still no proof of a deficit or communication from the CFO." Id.

The plaintiff alleges that the defendant "knowingly and intentionally conspired to deprive" him of rights under 41 U.S.C. §6503, 29 U.S.C. §1104, the Federal Reserve Act, the Bills of Exchange Act 1882, 18 U.S.C. §1348, 18 U.S.C. §8 and 15 U.S.C. §1605. Id. at 3–4. He alleges that the defendant breached its contract with him "by failing to perform their fiduciary duties or obligations to the beneficiary." Id. at 4. He claims that the "Bill" was "accepted for value with no consideration given" and that the defendant is harming him by trying to repossess his vehicle. Id. The plaintiff also alleges that the defendant used his "securities to apply for a mortgage loan. . . so that the Defendant could go to the Federal Reserve Bank on the behalf of the Plaintiff and receive more notes than the Plaintiff applied for." Id. at 6. He claims that "all bills are the Obligation of the United States." Id.

As for relief, the plaintiff seeks damages including "1 percent of the total assets" of the defendant and compensation for his "losses, injury and/or pain." Id. at 8. He asks that the defendant grant him a mortgage loan "in the amount that the Defendant would give their best consumer" as well as costs and attorneys' fees (even though he is proceeding without an attorney). Id.

5

About three weeks after the court received the plaintiff's complaint, it received letters from the plaintiff reporting that the defendant had repossessed his vehicle and would be selling the vehicle at auction. Dkt. Nos. 6, 7. In the first letter, the plaintiff asked the court to order the defendant to return his car and to add a claim against the tow company that had repossessed his vehicle for "coercion" under 42 U.S.C. §12203. Dkt. No. 6 at 1. In the second letter, the plaintiff claimed that the defendant had violated the Wisconsin Consumer Act by repossessing his vehicle without a "replevin judgment from the courts." Dkt. No. 7 at 1.

C. <u>Analysis</u>

As for the letters the court received from the plaintiff after he'd filed his complaint: It appears that the plaintiff was trying to amend his complaint by filing these letters. This court's local rules do not allow amendment by letter. Civil Local Rule 15(a) (E.D. Wis.) states that "[a]ny amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15(b) requires a motion to amend a pleading to "state specifically what changes are sought by the proposed amendments," and requires the party asking leave to amend to file the proposed amended complaint as an attachment to the motion to amend. Because the plaintiff did not follow the local rules, the court has not considered the additional "claims" and defendants when deciding whether the complaint states a claim for which a federal court may grant relief. If the plaintiff files an amended complaint by the deadline the court sets, he may incorporate his new

6

allegations, claims and defendants into the amended complaint, assuming that doing so does not violate Fed. R. Civ. P. 18 (joinder of claims) and Fed. R. Civ. P. 20 (permissive joinder of parties).

As for the complaint itself, it does not state a claim for which a federal court may grant relief. It appears from the materials submitted by the plaintiff that he obtained an auto loan from the defendant, that rather than making payments in the required amount of U.S. currency the plaintiff sent the defendant a notice of some sort and a demand for a response, and that when the defendant did not receive the required loan payments in U.S. currency it repossessed the plaintiff's vehicle. Dkt. No. 6 at 2. If the court reads the plaintiff's allegations and documents correctly, those allegations do not state a claim for breach of contract or violate any of the federal statutes the plaintiff cited in his complaint. The plaintiff seems to be advancing the argument that he was not obligated to make any payments because by "accepting for value" his auto loan, he somehow assigned that debt to be paid by the United States government from his "principal account." Courts have characterized such arguments and theories as legally frivolous, without any conceivable validity. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). The Seventh Circuit has instructed that "[t]hese theories should be rejected summarily, however they are presented." Id. at 767.

Perhaps the plaintiff is attempting to challenge the validity of the loan itself through what is sometimes known as the "vapor money" theory of debt. That theory is "in essence, based on the premise that because the United

7

States went off the gold standard in 1933 with the passage of HJR–192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender." Green v. Pryce, Case No. 15-3527, 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015) (quotation omitted); see also Goodwin v. Flagstar Bank, Case No. 19-CV-859, 2019 WL 7582866, at *3 (W.D. Mich. Dec. 23, 2019) (discussing "[t]he genesis of the vapor money theory"), *report and recommendation adopted*, 2020 WL 255673 (W.D. Mich. Jan. 17, 2020). "Accordingly, under the vapor money theory, a loan imposes no repayment obligation if the indebtedness was funded with credit as opposed to hard currency." Brown v. Selene Fin. LP, Case No. 22-CV-04690, 2023 WL 3335060, at *4 (N.D. Ga. Apr. 10, 2023), *report and recommendation adopted*, 2023 WL 4996552 (N.D. Ga. June 1, 2023).

Federal courts have rejected the "vapor money" debt theory. See, *e.g.*, Allah-Bey v. Roberts, 668 F. App'x 419, 420 (3d Cir. 2016) (affirming the district court's dismissal of the plaintiff's complaint where his theory was "identical to the 'vapor money' legal theory that numerous federal courts have rejected as frivolous"); Price v. Lakeview Loan Servicing, LLC, Case No. 21-11806, 2022 WL 896816, at *3 (11th Cir. Mar. 28, 2022) (affirming the district court's dismissal of the plaintiff's complaint based on the "vapor money" theory and stating "[t]his theory is nonsensical and fundamentally misunderstands how negotiable instruments work"); Knapp v. Compass Minn., LLC, No. 24-CV-00100, 2024 WL 2832502, at *7 n.4 (D. Minn. June 4, 2024) (noting that

"courts across the country have consistently rejected the 'redemption' and 'vapor money' theories as frivolous and nonsensical").

Although the court will not discuss every statute or cause of action the plaintiff references in the complaint, it will discuss a few. The complaint references 15 U.S.C. §1605, which defines the term "finance charge" under the Truth-in-Lending Act. But the plaintiff has not alleged a violation of the Truth-in-Lending Act. The plaintiff generally alleges that the defendant breached a contract, but does not describe the terms of that contract or explain how the defendant's failure to respond to his notice breached that contract. He generally alleges breach of fiduciary duty, but does not explain what fiduciary duty the defendant had to him or the source of that duty. The plaintiff alleges fraud but does not explain how the defendant's actions were fraudulent. The plaintiff references 18 U.S.C. §§8 and 1348; these are *criminal* statutes that do not give private citizens a private right of action. Only the government—the U.S. Attorney's Office—may charge a defendant with violating criminal statutes like these.

Because the complaint relies on rejected legal theories, attempts to sue under statutes that provide no private right of action and fails to state facts supporting other causes of action, the court will dismiss the complaint for failure to state a claim upon which relief can be granted.

## II. Leave to Amend

A federal court has the authority to refuse to allow a plaintiff to amend his complaint if "it is certain from the face of the complaint that any

9

amendment would be futile or otherwise unwarranted." Barry Aviation v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004). Because the plaintiff is representing himself and because it is possible that he is trying to allege a violation of a federal statute such as the Truth-in-Lending Act (TILA), the Fair Credit Reporting Act (FCRA) or the Fair Debt Collection Practices Act (FDCPA), the court will give him a chance to amend the complaint.

If the plaintiff decides to file an amended complaint, there are things he should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. With this order, the court is sending a blank amended complaint form. The plaintiff must use this form in preparing his amended complaint. He must put the case number for this case—Case No. 24-cv-75—in the space provided for a case number. The plaintiff must list all the defendants against whom he wishes to bring claims. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint.

If the plaintiff elects to file an amended complaint, he must file it in time for the court to *receive it* by the deadline the court sets below. If the court does

10

not receive an amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing for the plaintiff's failure to state a claim in his original complaint.

Because the court is dismissing the complaint, it also will deny as moot the plaintiff's motion for the U.S. Marshals Service to serve the defendant.

### III. Conclusion

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which a federal court can grant relief..

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint in time for the court to *receive* it by the end of the day on **January 31, 2025**. If the court does not receive an amended complaint by the end of the day on January 31, 2025, the court will dismiss this case with prejudice without further notice or hearing for failure to state a claim in the original complaint.

The court **DENIES AS MOOT** the plaintiff's motion to for the U.S. Marshall Service to serve the defendant. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 27th day of December, 2024.

                                              **BY THE COURT:**

                                              **HON. PAMELA PEPPER**
                                              **Chief United States District Judge**