UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTON SLAUGHTER, SR.,

    Plaintiff,

v.

    Case No. 24-cv-75-pp

FIRST AMERICAN BANK,

    Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 15) AND DISMISSING CASE FOR FAILURE TO STATE CLAIM**

On January 19, 2024, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that defendant First American Bank "knowing[ly] and intentionally conspired to deprive [the plaintiff] of [his] preexisting rights protected by [certain federal statutes]." Dkt. No. 1. The court screened the complaint and dismissed it for failure to state a claim, but gave the plaintiff permission to file an amended complaint. Dkt. No. 14. The plaintiff filed his amended complaint on January 30, 2025. Dkt. No. 15.

This order screens the amended complaint and dismisses the case for failure to state a claim upon which a federal court can grant relief.

**I.    Screening the Complaint**

    **A.    Legal Standard**

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); see also Rezny v. Wis. Dep't of Fin.

1

Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022) (stating that courts are free to screen a complaint for a self-represented plaintiff who has paid the full filing fee under 28 U.S.C. §1915(e)(2)). The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though the court liberally construes documents filed by self-represented litigants, those litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.  The Amended Complaint

The amended complaint asserts that the plaintiff, ANTON SLAUGHTER (in all caps) is being represented by his "attorney in fact," "Slaughter,Anton-D." Dkt. No. 15 at 1.

2

The plaintiff alleges that he entered into an agreement with the defendant for a loan to purchase a 2020 Jeep Wrangler from a Kenosha, Wisconsin car dealership. Dkt. Nos. 15 at ¶3; 15-1 at 1–4. The plaintiff asserts that on November 25, 2023, December 21, 2023 and January 3, 2024, his "attorney in fact" Slaughter,Anton-D "sent notice of claim to interest to the defendant claiming all rights, all interest, and all guaranteed equity owed to the Principal ANTON SLAUGHTER" and asking that the defendant "apply the Principal balance to the Principal's account for setoff and tender of payment each month." Dkt. Nos. 15 at ¶5; 15-1 at 10–12 (purported "notice[s] of claim to interest"). The plaintiff asserts that with the notices, his "attorney in fact" also sent "Bills of Exchange" to the defendant. Dkt. Nos. 15 at ¶6; 15-1 at 16–18 (purported bills of exchange). The "bills of exchange" appear to be notices of loan payments due on the plaintiff's car loan. Because the defendant did not return the "bills" to the plaintiff, the plaintiff asserts that the defendant "should have setoff the balance" from some unspecified account. Dkt. No. 15 at ¶6.

The plaintiff alleges that on January 12, 2024, the defendant sent him a notice of right to cure default. Id. at ¶7; Dkt. No. 15-1 at 25. He asserts that he "accepted" it "for deposit" and sent it back to the defendant. Dkt. No. 15 at ¶7. The plaintiff alleges that his "attorney in fact" Slaughter,Anton-D spoke to Shawn McMullen, assistant vice president of the defendant, and informed McMullen that the plaintiff objected to any repossession of his vehicle while this litigation was pending. Id. The plaintiff states that on February 1, 2024, his vehicle was "repossessed for non-payment" despite his making "several tenders of payment." Id. at ¶8.

The plaintiff asserts that "[a]s a result of the Defendant's breach for non performance," he is entitled to restitution and damages, including the cost of a

3

new vehicle, attorney fees and costs and "any unknown damages." Id. at ¶9. The plaintiff contends that because the transaction is void, he is entitled to retain his repossessed vehicle under Wis. Stat. §425.305 and that he is entitled to attorney fees under Wis. Stat. §425.308. Id. at 3, ¶¶1–2.

C.    Analysis

The amended complaint still does not state a claim for which a federal court can grant relief. It appears that the plaintiff obtained an auto loan from the defendant and that, rather than making payments on the loan in U.S. currency, the plaintiff (or his "attorney in fact") sent the defendant a notice of some sort and a demand for a response. When the defendant did not receive the required loan payments, it repossessed the plaintiff's vehicle. Those allegations do not state a claim that the defendant breached its contract with the plaintiff.

The promissory note between the plaintiff and the defendant shows that the plaintiff "promise[d] to pay to" the defendant "in lawful money of the United States of America" the total principal of the loan plus interest "in 72 payments of $585.79 each payment." Dkt. No. 15-1 at 1. The contract states that the plaintiff would be in default if he failed to make any payments due under the note. Id. The incorporated consumer security agreement states that if the plaintiff is in default, the defendant may repossess and sell the vehicle. Id. at 3. According to the amended complaint, that is what happened here. The plaintiff did not make the required payments, so the defendant exercised its right under the contract to repossess and sell the vehicle. The complaint does not state a claim that the defendant breached the contract.

As he did in his original complaint, the plaintiff seems to be asserting in the amended complaint that he was not obligated to make payments because

4

the notices he sent to the defendant somehow assigned that debt to be paid from his unidentified "Principal's account." Courts have characterized such arguments and theories as legally frivolous, without any conceivable validity. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). The Seventh Circuit has instructed that "[t]hese theories should be rejected summarily, however they are presented." Id. at 767.

Because the breach of contract claim in the amended complaint relies on rejected legal theories and because it does not state a claim for breach of contract, the court will dismiss the case for failure to state a claim upon which relief can be granted.

> D. Leave to Amend

A federal court has the authority to refuse to allow a plaintiff to amend his complaint if "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Barry Aviation v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004). The court has given the plaintiff an opportunity to amend his complaint; he did so, and the amended complaint does not state a claim for relief. Because the plaintiff relies on legal theories that the Seventh Circuit Court of Appeals has rejected, giving the plaintiff leave to file a second amended complaint would be futile. The court will not allow the plaintiff a second chance to amend his complaint.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which a federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

5

filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:24-cv-00075-PP   Filed 02/12/25   Page 6 of 6   Document 16